### Stolzy, et al. v. City of Henderson, et al.

(Decided May 25, 1928.)

Appeal from Henderson Circuit Court.

1. Municipal Corporations.—Where governing authority of city, pursuant to Acts 1926, c. 132, section 2, subsecs. 1, 2, passed ordinance prescribing in detail examination to be taken by applicants for fire department, repealing prior ordinance declaring that present firemen possessed all qualifications required by act and dispensing with examination as to them, firemen holding positions had right, together with any other citizens and voters within city, to take examination and be placed on eligible list for appointment if passing examination successfully.

2. Evidence.—Officer holding examination for firemen, required by city ordinance pursuant to Acts 1926, chapter 132, sec. 2, subsecs. 1, 2, is presumed to do his duty until contrary is shown.

3. Municipal Corporations.—Under ordinance requiring examination for firemen and authorizing commissioners of city to select required number from eligible list, in case more applicants qualify than there are positions to fill in accordance with Acts 1926, c. 132, sec. 2, subsecs. 1, 2, remedy for abuse of discretion in selecting men from eligible list by commissioners lies with electorate and not with courts.

4. Municipal Corporations.—Where petitioners had not served five years as fireman so as to be free from examinations authorized by Acts 1926, c. 132, sec. 2, subsecs. 1, 2, petitioners employed as firemen before passage of ordinance requiring examinations were not exempt from taking examinations under section 2, subsec. 3, providing that firemen shall not be removed except for inefficiency or misconduct, though ordinance had been passed declaring petitioners qualified and dispensing with examination as to them, which ordinance was repealed by ordinance requiring examinations.

HENSON & TAYLOR, for appellants.

B. S. MORRIS and J. L. DORSEY for appellees.

OPINION OF THE COURT BY COMMISSIONER WHEELER—
Affirming.

The appellants herein J. H. Stolzy, Dee Hoover, F. G. Crowley, J. F. Cobbs, J. B. Walters, John C. Dannheiser, Hayden Henson, V. E. Fulton, Letcher Martin, G. D. Brann, V. Scherziner, Lee Ostean, Byant A. Hughes, Ernest Pumphrey, Rufus Branson, Stanley Melton, and Ed Tillitson filed their petition in the Henderson circuit court against the appellees city of Henderson, Marvin D. Eblen, mayor of city of Henderson, Ky., and J. W. Johnson and Harry E. Jones, commissioners for the city of Henderson, the three last above named composing the commissioners for said city, and by said petition it is alleged that the city of Henderson is a city of the third class and operating under the commission form of government.

The appellants allege that they are the members composing the fire department of said city, alleging that they were duly and regularly appointed by the commissioners of said city in that capacity, and are entitled to serve as such, but that the appellee herein by its commissioners is undertaking to and will oust the appellants from said office unless restrained therefrom. It is alleged by the petition that the appellees, the city commissioners, are undertaking to and will enforce certain regulations regarding examinations of appellants for appointment to the positions held by the appellants herein, and it is further alleged that the appellees will remove from office appellants without authority so to do. The answer denied the allegations of the petition.

Application was then made by the appellants to the presiding judge of the circuit court for injunctive relief, and, the same being denied, application was duly made to a judge of this court, and a temporary restraining order was directed to be issued until the case could be prepared and tried on its merits, after which the testimony was taken on the issues made by the pleadings. The trial was had in the Henderson circuit court, which resulted in the dismissal of appellants' petition, and this appeal is prosecuted.

To determine the propriety of the action of the circuit court in dismissal of appellants' petition, it will be necessary to notice the act of the Kentucky Legislature, it being chapter 132, p. 635, Acts of 1926, which authorizes cities of the third class to prescribe the qualifications required of appellants for firemen and policemen, the same to be fixed by the legislative branch of the city government (in this instance the city commissioners).

Subsections 1 and 2 of section 2 are as follows:

"(1) That the commissioners shall have full control over the police and fire departments of the city together with all the property and paraphernalia belonging thereto and are empowered to ordain and put into execution such by laws, rules and regulations for the government of each of said departments as may be deemed expedient; to prescribe the qualifications of the members and officers of each department; to appoint a chief of the fire department and all subordinates; to prescribe their duties, and to grade the officers of each department and prescribe their several duties.

"(2) The commissioners may within their discretion require all applicants for appointments as members of the police force or fire department to be examined as to their qualifications to fill the office of policemen or firemen, and as to their knowledge of the English language and as to the law and rules governing the duties of policemen or firemen. Each member of the police force or fire department shall be a qualified voter of the city in which he is appointed and be able to read and write and understand the English language, and to have such other qualifications as may be prescribed."

It will be observed from the reading of the foregoing Acts of 1926, that the legislative branch of the city gov-

ernment is given full power and supervision over the selection of the members of its fire and police departments, and, by subsection 2 above quoted, it is provided that the commissioners may, within their discretion, require all applicants for appointments to be examined touching their qulifications for the position of policemen or firemen, and as to their knowledge of the English language, and touching their knowledge of rules and the law governing the duties of firemen and policemen.

After the passage of the acts, supra, on December 26, 1927, the then commissioners passed an ordinance, which was duly signed by the mayor, in which it is stated, in substance, that the present firemen (appellants herein) possess all the qualifications required by the act, and the examination authorized by the act of the Legislature is dispensed with, and without any examination whatever the ordinance declared them to be the firemen for the city; and it is now the contention of appellants herein that they come within the provisions of the acts herein.

Subsection 3 is as follows:

"(3) No member or officer of the police or fire department shall be removed from the police force or fire department, reduced in grade, or pay, upon any reason except inefficiency, misconduct, insubordination or violation of law or of the rules adopted by the commissioners."

And it is the contention of appellants that, since the enactment of the ordinance of December 26, 1927, they were declared to be the firemen of said city, and that they are now protected in this position and cannot be removed therefrom except as above stated and unless written charges are preferred and filed in the office of the mayor, they being notified and given a hearing thereon, and can only be removed in the event they are found guilty of insubordination or violation of some of the rules or regulations of the department.

After the passage of the ordinance of December 26, 1927, the newly elected commissioners, appellees herein (Johnson and Jones) after their induction into office, to wit, January 18, 1928, duly passed an ordinance which was signed by the mayor, in which the qualifications of all applicants for the position of firemen were fixed as

authorized by the Acts of 1926. The ordinance is as follows:

"Sec. 4. That all applicants for appointment as members of the police force, including the chief of police and all applicants for appointment as members of the fire department of the city of Henderson, Kentucky, including the chief and captains of said fire departments, including the present members of or employees of said departments, except those who have held said positions continuously for the last five years, shall be and they and each of them are hereby required to be examined as to their qualifications to fill the office of policemen and firemen, and as to their knowledge of the English language, and as to the law and rules governing the duties of policemen and firemen, which, at the time of said examination, are or may be in force.

"Each member of the police force and fire department, including the chief and captain thereof respectively, shall be a qualified voter in the city of Henderson, Kentucky, and be able to read and write and understand the English language, and no person shall be appointed a member or officer of the police force or fire department including the chief and captains thereof respectively, unless he is well known to be a man of sobriety and integrity and has been and is, an orderly law-abiding citizen, nor who is over fifty (50) years of age at the time of his appointment. Said examination shall be conducted by the commissioner having the superintendence of the department of public safety of said city, and said examination shall be held in the city building in said city on a day or days to be fixed and designated by said commissioner, of which notice shall be given at least five days before said date of examination by at least one publication in a newspaper of general circulation published in said city of Henderson, Kentucky. Said commissioner shall at the next regular meeting of the board of commissioners of said city, after said examination, report in writing the results of said examination, giving a list of the names of the persons who have successfully passed said examination as qualified for the position of policeman and fireman respectively, and from said list the members of said police force and fire department respectively

shall be chosen and appointed by the said board of commissioners of said city.

"At the time of said appointment the said board of commissioners shall designate one of said appointees to be chief of the police force, and one of said appointees to be chief of the fire department of said city, and one of said appointees to be captain of fire department number 1, and one of said appointees to be captain of fire department number 2.

"The said list of those passing successfully said examination, shall be kept on file in the office of the city clerk of said city for at least two years, and, in the event of a vacancy or vacancies occurring in any of said positions during said time, the said board of commissioners may, in their discretion fill said vacancy or vacancies by the appointment of one or more persons as the needs may be, whose name or names appears on said list as eligible, to such appointment, or may hold another examination for said purpose, in the manner hereinabove set out."

After the passage of the foregoing ordinance fixing the qualifications of applicants and date for examination, the appellees advertised in the daily paper the fact of the contemplated examination. It appears that pursuant to the notice the examination was held and that none of the appellants herein except one appeared and offered themselves at said examination, but seemed to be content with the fact that they were already in office and could not be removed, except in the manner stated under subsection 3 of section 2 of the Acts of 1926.

By the passing of the ordinance last above set out, it undertook to and did repeal section 4 of the ordinance passed on December 26, 1927, and by its terms prescribed in detail the kind of examination that should be had by an applicant for this position. The examination was held for the purpose of ascertaining the qualifications as above set out of any person desiring to fill the position of fireman. Each of the appellants had a perfect right, together with any other citizen and legal voter within the city, to have appeared and have taken said examination, and, if they passed same successfully, then they would have been on the eligible list for appointment.

It is urged by appellants that the commissioner holding the examination would refuse to qualify appellants, but it appears from the record that the only one offering

himself as an applicant did qualify, and we can see no reason why any one or all of appellants could not have presented themselves for examination, if they so desired. The presumption is that the officer holding the examination did his duty and that presumption will be indulged until the contrary is shown. This record does not disclose that the commissioner holding the examination has ever attempted to act in an arbitrary manner in the conduct of same, or in such a way as to deprive appellants, or others eligible, from taking the examination offered. Of course, after the examination is completed, if more applicants have qualified than there are positions to fill, the commissioners can only select the number as required from the eligible list. And it might so happen that all that were qualified could not be appointed, and it would be difficult for the lawmakers to undertake to say which particular one should be appointed if more than the required number is qualified, consequently the Legislature left this matter of selection of the particular ones to hold office to the legislative body of the various municipalities of the state (in cities of this class to the commissioners). Of course, if the commissioners should abuse the discretion and select men who are not properly fitted for these important duties to the city, it would indeed be regrettable, but such is the law that the Legislature has enacted for our guidance in the matter. If an abuse of the discretion is shown by the commissioners, it can soon be remedied, for it comes again before the electorate of the city at regular intervals in the selection of new commissioners, and the qualifid voters of the city are and should be the final arbiters of all matters concerning city government, if there is a diversity of opinion. It would be indeed unfortunate for the city if partisan political preferences and such like should be injected into the city government, thereby affecting the personnel of its police or fire department, whose duties are such that they are most vital indeed to the welfare of the whole city, and it is not likely that commissioners elected by popular vote would be inclined to give to the city an administration other than in keeping with the very best, and, if not so, the electorate of the city at the expiration of their terms would in all probability divest the commissioners of the duties of the office and elect men who would serve with fidelity to the interest of the city.

The city is dependent on the policemen and firemen for the protection of its citizens and its property, so much so and to the extent that these two departments perform

the most important functions in the city government, the preservation of law and order and protection to its property, and for this reason, the Legislature very wisely provided in the act herein referred to that all persons not having served continuously for five years in these departments could be required to pass an examination as above stated, showing their eligibility to appointment to these important positions; and the act further provided that, when once qualified (either by five years' service, or by taking the examination) when then placed on the list, they could not be removed except in the way and manner as provided in subsection 3 of section 2 of the act; the reason being that the city was entitled to men of experience and possessing other requisite qualifications for the full discharge of these duties, and should thereafter serve until relieved of the duty as said act provides.

The appellants herein had not served the five years as required by the statute, nor did they take any examinations except one of appellants. They cannot rightfully claim that they do not fall within the purview of the act of the Legislature, but, if their qualifications are such as prescribed by the ordinance, they are on equal footing with any other applicant offering for either of these positions, and the selection of the policemen or firemen is left to the sound discretion of the commissioners, where the Legislature of the state has placed it.

It follows from a review of the record as herein stated that a cause of action did not exist in favor of appellants herein, and that the circuit court properly dismissed the petition and granted no relief to appellants.

The judgment is affirmed.